# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| CASSANDRA ORR, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>WILLIAM R. DORSEY, JR., et al., )<br>)<br>Defendants ) | CASE NO. CV97-HGD-3095-J<br><br>ENTERED<br>JAN 2 2 1999 |

## MEMORANDUM OPINION

The above-entitled civil action is before the court on (1) the motion for partial summary judgment filed by defendant Triple T Express with respect to plaintiff's claim of negligent entrustment, and (2) the motion for summary judgment of defendants, William R. Dorsey, Jr., and Triple T Express, with respect to all claims of plaintiff, Cassandra Orr.

### I. Procedural Background

Plaintiff originally filed this action on October 15, 1997, in the Circuit Court of Walker County. The complaint alleges that on September 26, 1996, defendant William R. Dorsey, Jr., while acting as agent for and in the line and scope of his employment with Triple T Express, caused his vehicle to collide with plaintiff's vehicle at the intersection of Arrow Road and Industrial Parkway in Jasper, Alabama. Orr alleges that her vehicle was damaged, and she suffered bodily injury, incurred medical expenses, and lost time from work. The complaint alleges causes of action against Dorsey for negligence and wantonness, and against Triple T Express for negligent entrustment.

31.

Defendants removed the action to this court on November 26, 1997, and subsequently filed an answer. On June 17, 1998, Triple T Express filed a motion for partial summary judgment in its favor with respect to plaintiff's claim for negligent entrustment. An order was entered on June 19, 1998, setting a briefing and submission schedule for the motion for partial summary judgment. Plaintiff was allowed until July 13, 1998, to file evidentiary matters in opposition to the motion, and until July 20, 1998, to file a brief. On July 21, 1998, counsel for plaintiff filed a motion for extension of time to respond to the motion for partial summary judgment. As a result, all deadlines in the summary judgment submission order were extended by 12 days. Plaintiff never filed any opposition to Triple T Express' motion.

On September 30, 1998, defendants filed a motion for summary judgment with respect to all claims asserted by plaintiff. By order entered October 13, 1998, a briefing and submission schedule was set, requiring plaintiff to file evidentiary matters in opposition to the motion by November 4, 1998, and a brief by November 11, 1998. Plaintiff filed a response to defendants' motion for summary judgment on November 23, 1998. On or about December 18, 1998, all parties consented to have the undersigned conduct any and all further proceedings in the case, including trial, and order the entry of final judgment, in accordance with 28 U.S.C. § 636(c) and Rule 73, Fed.R.Civ.P.

## II. **Defendant's Motion for Partial Summary Judgment**

Triple T Express asks that the court enter judgment in its favor with respect to plaintiff's claim of negligent entrustment. As grounds, Triple T Express relies on plaintiff's answers to its second interrogatories, as follows:

2

> 30. Please list with particularity any facts which support your allegation that defendant William R. Dorsey, Jr., is not a competent driver.
>
> Answer: William R. Dorsey, Jr., said he fell asleep at the wheel. A competent driver would not fall asleep at the wheel.
>
> 31. Do you contend that Triple T Express had actual knowledge of any facts that would serve to put them on notice that the defendant, William R. Dorsey, Jr., was anything less than a competent driver? If "Yes", please state with particularity any facts you will use to support this proposition.
>
> Answer: I do not have this information at this time, but will supplement this response later.

As noted above, plaintiff never filed a response to this motion for partial summary judgment nor supplemented her interrogatory answers to provide any information about Triple T Express' actual knowledge of facts that might put it on notice that Dorsey was not a competent driver.

### III. Defendants' Motion for Summary Judgment

Defendants seek summary judgment in their favor with respect to all claims asserted by plaintiff in this action. As grounds, they assert that the doctrine of judicial estoppel bars this action because plaintiff allegedly failed to disclose in her bankruptcy petitions that she was involved in non-bankruptcy litigation.

Defendants have submitted evidence to show that on September 5, 1997, plaintiff filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama, Case No. 97-6596-TBB-7.[1] In her Statement of Financial Affairs submitted therewith,

---

[1] Though defendants aver in their brief that plaintiff filed the Chapter 7 petition on January 30, 1998, the petition shows on its face that it was filed on September 5, 1997, and the case also bears a 1997 case number.

3

Orr represented that she was not a party to any suits or administrative proceedings within the year preceding the filing of the Chapter 7 petition. On March 20, 1998, after this lawsuit was filed, plaintiff filed a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama, Case No. 98-1941-TBB-13. Again, on the Statement of Financial Affairs, Orr represented that she was not a party to any suits or administrative proceedings within the year preceding the filing of the Chapter 13 petition. Defendants argue that the doctrine of judicial estoppel prevents plaintiff from maintaining this action because she failed to disclose the existence of this action to the bankruptcy court in her Chapter 13 petition. They contend judicial estoppel also applies because plaintiff failed to disclose in her Chapter 7 petition that she had a possible asset in the form of a cause of action arising from the September 26, 1996, collision.

In her response to this motion for summary judgment, plaintiff avers in an affidavit that on September 5, 1997, she filed a Chapter 13 petition in the United States Bankruptcy Court for the Northern District of Alabama. The case was converted to a Chapter 7 petition on January 30, 1998. In August 1998, plaintiff received a discharge in bankruptcy. On March 20, 1998, she filed another Chapter 13 petition in the United States Bankruptcy Court for the Northern District of Alabama. Orr maintains that in each of the petitions, she inadvertently failed to disclose the existence of the claims against Dorsey and Triple T Express. She avers she told the attorney who represented her in the bankruptcy proceedings about the action, but he did not include the information in the petitions and she did not read the petitions before signing them. She also states that once she determined this action had not been disclosed in the bankruptcy petition, she immediately amended the 1998 bankruptcy case. The documents attached to the affidavit bear plaintiff's signature and the date of October 20, 1998. Defendants have not replied to plaintiff's response.

4

## IV. Discussion

*Motion for Partial Summary Judgment*

In Alabama, the essential elements of a cause of action for negligent entrustment are (1) an entrustment; (2) with knowledge that the person to whom the entrustment is made is incompetent; (3) proximate cause; and (4) damages. *Thompson v. Mindis Metals, Inc.*, 692 So.2d 805 (Ala. 1997); *Pryor v. Brown & Root U.S.A., Inc.*, 674 So.2d 45 (Ala. 1995). In *Mason v. New*, 475 So.2d 854, 856 (Ala. 1985), the Alabama Supreme Court held that the "doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a negligent entrustment action." 475 So.2d at 856; citing *Chiniche v. Smith*, 374 So.2d 872 (Ala. 1979); *Cooter v. State Farm Fire & Casualty Co.*, 344 So.2d 496 (Ala. 1977) (manifestation of incompetence of user is essential element to gravamen of negligent entrustment action).

In the case at bar, plaintiff has provided no evidence whatsoever that Triple T Express was aware or should have been aware of any alleged incompetence of Dorsey before employing him or entrusting a vehicle to him. Without this essential element of proof, plaintiff's negligent entrustment claim must fail. Therefore, the motion for partial summary judgment of Triple T Express is due to be granted, and Triple T Express is due to be dismissed as a party defendant from this action.

*Motion for Summary Judgment*

The doctrine of judicial estoppel states in essence that a party may not take a factual position in litigation inconsistent with a successful factual position taken in the same or prior litigation. *See Tuveson v. Florida Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730 (11th Cir. 1984).

5

"Judicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American National Bank v. Federal Deposit Insurance Corp.*, 710 F.2d 1528, 1536 (11th Cir.1983).

Defendants rely on *Luna v. Dominion Bank of Middle Tennessee, Inc.*, 631 So.2d 917 (Ala. 1993), and *Bertrand v. Handley*, 646 So.2d 16 (Ala. 1994). In *Luna*, the Alabama Supreme Court affirmed summary judgment in favor of the defendants on claims of breach of contract and fraud by a plaintiff who had received a Chapter 7 bankruptcy discharge but who had failed to disclose his potential claim in his bankruptcy proceeding. In *Bertrand*, the plaintiff sued the defendant for negligence and obtained a default judgment. The plaintiff later filed a bankruptcy petition but failed to disclose the default judgment as an asset. The Alabama Supreme Court held that the plaintiff could not enforce the default judgment because it had not been disclosed to the bankruptcy court.

In *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F.Supp. 1424 (M.D.Ala. 1996), the United States District Court for the Middle District of Alabama considered whether a plaintiff's failure to schedule claims against a co-worker in her bankruptcy proceedings judicially estopped her from asserting the claims in a lawsuit. The district court stated:

> A debtor who fails to schedule a claim (a legal interest) which is the property of the bankruptcy estate may be equitably or judicially estopped from later asserting that claim. Equitable estoppel applies when the debtor has a claim against a creditor, but fails to schedule that claim thereby prejudicing the creditor and impinging the integrity of the bankruptcy proceeding. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir.1988). Judicial estoppel is applied to preserve the integrity of the judicial system. *Id.* at 419. A debtor may use the judicial system (the bankruptcy process) to free himself or herself from the claims of debtors. As part of that process the bankruptcy court relies on the representations of the debtor with respect to whether he or she has claims or interests arising out of the matters before the court. If the debtor, after receiving a discharge in

6

> See *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir.1993); *Oneida*, 848 F.2d at 419-20.
>
> * * * * * *
>
> Although it is likely Brassfield had a viable cause of action prior to her discharge in bankruptcy, the Court cannot say that Brassfield knew/should have known that these causes had accrued such that her failure to schedule these claims was a deception of the bankruptcy court and the judicial system.
>
> In support of his argument that Brassfield is judicially estopped from asserting her claims, Bodden relies heavily on the Alabama Supreme Court's decision in *Luna v. Dominion Bank of Middle Tennessee, Inc.*, 631 So.2d 917 (Ala.1993). However, *Luna* is factually distinct from the instant case in two important respects. In *Luna*, the debtor wanted to assert unscheduled claims against a creditor and related parties who had been involved in the completed bankruptcy proceedings. *Id.* at 918. Concomitantly, the debtor's subsequent claims were related to the matters before the bankruptcy court. *See id.* These factors, the singular identity of the creditor/defendant, and the existence of related matters in the bankruptcy proceeding and post-bankruptcy claims were critical to the application of judicial estoppel in *Oneida*. *See* discussion of applicable law *supra*. The *Luna* Court cited *Oneida* in holding that judicial estoppel should apply.
>
> Unlike *Luna*, in the instant case, Bodden was not involved in Brassfield's bankruptcy proceeding and hence, did not rely on Brassfield's failure to schedule her claims. Further, Brassfield's claims against Bodden are not related to the matters considered by the bankruptcy. Thus, in the instant case, Brassfield's omission of her claims against Bodden from her bankruptcy petition neither prejudice[s] Bodden nor significantly impinge[s] the integrity of the judicial system. Consequently, the Court finds that judicial estoppel does not apply. *Oneida*, 848 F.2d at 419-20.

953 F.Supp. at 1432-33.

The magistrate judge finds the reasoning in *Brassfield* to be persuasive, especially under the facts of this case. As in *Brassfield*, defendants in this action were not involved in Orr's bankruptcy

7

proceeding. They did not assert judicial estoppel until they found out, from plaintiff's deposition in this case, that plaintiff had filed bankruptcy. Plaintiff's uncontroverted affidavit establishes that she told the attorney who represented her in the bankruptcy proceedings about the existence of this action; however, he failed to include the information in the schedules. Orr's affidavit also establishes that she was unaware of the omission until it was brought to her attention by defendants' motion for summary judgment. As soon as she became aware of the omission, she filed amendments to her bankruptcy petition to disclose the existence of the claims against defendants. There is no evidence in the record that plaintiff's actions were "calculated assertions" of inconsistent positions.

Therefore, the magistrate judge finds that the motion for summary judgment filed by defendants[2] is due to be denied. An order in accordance with this memorandum opinion will be entered contemporaneously herewith

DONE this 22nd day of January, 1999.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

---

[2] While neither defendant is entitled to summary judgment on the basis of judicial estoppel, the magistrate judge found and determined above that defendant Triple T Express is entitled to summary judgment on the one claim asserted against it by plaintiff and that Triple T Express will be dismissed with prejudice as a defendant from this action.

8